Filed 8/11/25  P. v. Redix CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084021 |
| v. | (Super.Ct.No. FSB050233) |
| ESAU REDIX, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant Esau Redix appeals the order of the San Bernardino County Superior Court denying his Penal Code section 1172.6 petition for resentencing.[1]  We will affirm.

## BACKGROUND

In 2005, a jury convicted defendant of several crimes, including the willful, deliberate, and premeditated attempted murder of April Henderson (count 1).  As to that count, the jury found true that defendant and a principal had personally and intentionally discharged a firearm which proximately caused great bodily injury to Henderson, and found the crime was committed for the benefit of a criminal street gang.  In our opinion issued on defendant's appeal from the judgment, we ordered correction of the minute order and abstract of judgment to reflect the trial court's oral pronouncement and affirmed the judgment in all other respects.  (*People v. Redix* (Feb. 14, 2007, E039637) [nonpub. opn.].)

In July 2022, defendant filed a section 1172.6 petition.  He averred in relevant part that the felony complaint filed against him allowed the People to proceed under the natural and probable consequences doctrine, that he was convicted of attempted murder, and he could not now be convicted of that charge because of the amendments to sections 188 and 189 made effective January 1, 2019.  In June 2023, defendant sent to the trial court a 2015 affidavit of an incarcerated person, Fredrick Lewis, who averred he was a

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we will refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

witness to the 2005 shooting, that defendant was not one of the shooters, and the incident was not gang related.

In June 2023, the trial court issued an order to show cause on the section 1172.6 petition. When the matter was heard in May 2024, the court took judicial notice of the trial transcripts, which it had reviewed, and found beyond a reasonable doubt that defendant was guilty of attempted willful, deliberate, and premeditated murder and that he had intentionally discharged a firearm. Defendant appealed and we appointed counsel to represent him.

## DISCUSSION

Defendant's counsel has filed a brief in accordance with the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 in which counsel sets forth a statements of the case and the facts, and posits we are required to conduct an independent review of the record pursuant to *Wende*.

Counsel, relying on *People v. Shipman* (1965) 62 Cal.2d 226, 231–232 (*Shipman*), asserts that the filing by appointed appellate counsel of a no-issues brief in an appeal from the denial of a section 1172.6 resentencing petition after an evidentiary hearing confers on defendant the protections afforded by *Wende*, *supra*, 25 Cal.3d at pages 441–442, including the requirement that we independently review the entire record to identify any unraised arguable issues. We do not agree. The prophylactic procedures set forth in *Wende* are relevant when, and only when, the defendant has a previously established constitutional right to counsel. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 224–225 (*Delgadillo*).) As our Supreme Court noted in *Delgadillo*, that court has never extended

3

*Shipman* precedents finding a constitutional right to counsel to an appeal from a trial court's ruling in a case involving an ameliorative legislative scheme such as section 1172.6. (*Delgadillo*, *supra*, at p. 228.) We decline to extend *Shipman* in this case and will apply the procedures set forth in *Delgadillo.*

Under *Delgadillo*, appointed appellate counsel who are unable to find an arguable issue in an appeal from postjudgment orders must file a brief informing the appellate court of that determination and include a concise recitation of the facts bearing on the trial court's orders. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231.) Upon receipt of the brief, the appellate court is to send a copy of it to the defendant along with a notice informing the defendant (i) of the right to file a supplemental letter or brief, and (ii) that the failure to file a letter or brief within 30 days may result in dismissal of the appeal. (*Id.* at pp. 231–232.)

If the defendant files a supplemental brief or letter, the appellate court is required to evaluate the arguments he or she raises and must issue a written opinion. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) If the defendant does not respond to the appellate court's notice, however, then that court may exercise its discretion to dismiss the appeal as abandoned. If it chooses to dismiss, it may do so with or without a written opinion. In all section 1172.6 appeals, the appellate court has discretion—but is not required—to conduct an independent review of the record. (*Ibid.*)

In this case, we initially notified defendant that his counsel had filed a brief stating no arguable issues could be found, citing *Wende, supra,* 25 Cal.3d 436, and advised him he had 30 days to file any supplemental brief deemed necessary. Upon discovering a

4

*Wende* notice was not appropriate in this case, we sent another notice to defendant in which we cited *Delgadillo*, *supra*, 14 Cal.5th 216 and again alerted defendant of his counsel's no-issues brief, and advised him that this court may, but is not required, to conduct an independent review of the record. We also invited defendant to file any arguments he deemed necessary and cautioned that failure to timely file a supplemental brief might result in the dismissal of his appeal as abandoned. Defendant did not file a brief.

Although we properly sent a *Delgadillo* notice to defendant, it is reasonably probable that defendant may have been confused by, or even relied upon, the incorrect information that *Wende* procedures apply to his case set forth in defendant's opening brief and in the advice counsel gave him. Because defendant may have reasonably relied on that information and concluded that this court would review the record to discover if there is an unbriefed arguable issue, we exercised our discretion to independently review the record on appeal. We found no error.

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ\
P. J.

We concur:

CODRINGTON\
J.

MENETREZ\
J.

5